FILED
2007 APR 17  AM 11: 06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM, ON BEHALF OF THE UNIVERSITY OF TEXAS AT AUSTIN, <br><br> Plaintiff, <br><br> v. <br><br> KST ELECTRIC, LTD., <br> Defendant. | § § § § § § § § § § § § <br><br> CIVIL ACTION NO. A 06 CA 950 LY |

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order.

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by April 16, 2007.

2. Plaintiff submitted a written offer of settlement to Defendant on February 22, 2007. Defendant shall respond in writing, on or before March 23, 2007. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are ORDERED to retain the written offers of settlement and responses as the court will use these in assessing attorney's fees and court costs at the conclusion of the trial.

3(a). The parties shall serve their initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) on or before March 30, 2007.

3(b). The parties shall file all amended or supplemental pleadings and shall join additional parties by April 16, 2007.

[The parties cannot reach agreement on the proposed dates in paragraphs 4, 6 and 7. Dates proposed by each party are indicated in brackets in those paragraphs.

Plaintiff's statement regarding its proposed schedule:

The issues in this case are simple and essentially boil down to this: Does Defendant have the right to incorporate Plaintiff's mark in its own logo? Or, is such use likely to cause confusion as to some sponsorship or affiliation with Plaintiff, or dilute Plaintiff's mark? There are several counts in the Complaint, but the discovery necessary for these counts is similar.

All parties are local. So far as Plaintiff understands, all (or at least essentially all) witnesses will be local, and all documents to be discovered are found in the Austin area.

Plaintiff has not moved for preliminary injunction, but the nature of trademark infringement is irreparable injury. Accordingly, Plaintiff requests that the Court put this case on a reasonable schedule for trial--the dates proposed by Plaintiff still allow for approximately six months of discovery, which should be quite adequate given the nature of the case and the location of the parties, the witnesses and the documents.

Defendant's statement regarding its proposed schedule:

Defendant is providing dates that are approximately six to seven months later than those proposed by Plaintiff.

Plaintiff has filed an action against Defendant alleging eight separate causes of action. Defendant believes that Plaintiff's timeline for completion of discovery, expert reports and dispositive motions underestimates the amount of time necessary to address the multiple and complex issues involved in this litigation.

Defendant also believes that extensive third-party discovery will be necessary in this case. Plaintiff filed another trademark infringement lawsuit in the Western District of Texas on the same date that this action was filed. That action was assigned to Honorable Sam Sparks (06-CV-00951-SS). Defendant believes much of the information and many of the documents

produced in that case will be relevant to some of the issues in this case. Moreover, third party registrations and third-party use of longhorn logos will need to be investigated in this case.

The fame of Plaintiff's mark will also need to be tested in this litigation, likely requiring time-consuming public surveys that make Plaintiff's expedited timeline impractical.]

4. All parties asserting claims for relief shall file and serve on all other parties their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before July 16, 2007 [Plaintiff: June 29, 2007; Defendant: January 18, 2008]. Parties resisting claims for relief shall file and serve on all other parties their designations of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before August 15, 2007 [Plaintiff: July 27, 2007; Defendant: February 22, 2008]. All designations of rebuttal experts shall be filed and served on all other parties within **fifteen (15) days** of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not filed on all other parties within fifteen (15) days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.**

6.  The parties shall complete discovery on or before __October 15, 2007__. [~~Plaintiff: August 31, 2007; Defendant: March 21, 2008~~]. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.  All dispositive motions shall be filed and served on all other parties on or before __November 1, 2007__ [~~Plaintiff: September 10, 2007; Defendant: April 10, 2008~~] and shall be limited to twenty (20) pages. Responses shall be filed and served on all other parties within eleven (11) days of the service of the motion and shall be limited to twenty (20) pages. Any replies shall be filed and served on all other parties within eleven (11) days of the service of the response and shall be limited to ten (10) pages, but the Court need not wait for the reply before ruling on the motion.

8.  This case is set for final pretrial conference, in chambers, on the __27th__ day of __March__, 20__08__, at __11:00 a.m.__ and __bench__ trial in the month of __April__, 20__08__. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

SIGNED this __17th__ day of __April__, 20__07__.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

AGREED:

_____          _____  3/6/07
Louis T. Pirkey                                                    Raymond M. Galasso
State Bar No. 16033000                                   State Bar No. 24026663
Pirkey Barber LLP                                            GALASSO & ASSOCIATES L.P.
600 Congress Avenue, Suite 2120              P.O. Box 26503
Austin, Texas 78701                                        Austin, Texas 78755-0503
(512) 322.5200                                                  (512) 306-8533
(512) 322.5201 (fax)                                        (512) 306-8559 (fax)

ATTORNEYS FOR PLAINTIFF

Donald W. Holcomb
State Bar No. 09821300
KNOLLE, HOLCOMB, KOTHMANN & CALLAHAN
6805 Capital of Texas Hwy North, Suite 330
Austin, Texas 78731
(512) 476-1121 x3
(512) 476-1131 (fax)

ATTORNEYS FOR DEFENDANT